# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

GOVERNMENT EMPLOYEES
INSURANCE CO., et al.,

                Plaintiffs,

   v.

SHAHID MIAN, M.D., et al.,

                Defendants.

Civil Action No. 22-233 (GC) (RLS)


**MEMORANDUM OPINION
AND ORDER**

**SINGH, United States Magistrate Judge.**

Presently before the Court is a Motion by Plaintiffs Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Co., and GEICO Casualty Co. (collectively, "GEICO") to reopen the deadline to amend pleadings and for leave for file a second amended complaint pursuant to Rules 15(a)(2) and 16(b)(4) of the Federal Rules of Civil Procedure (the "Motion" or "Motion to Amend"). (Dkt. No. 154). Defendant Parkway Ambulatory Surgery Center, LLC ("Parkway") opposes the Motion to Amend, (Dkt. No. 173), to which GEICO replied, (Dkt. No. 174). GEICO and Parkway filed additional letters regarding the Motion to Amend. (Dkt. Nos. 185, 189, 203, and 204). Having considered the parties' written submissions and deciding the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1(b), for the reasons set forth below, the Court GRANTS IN PART and DENIES IN PART GEICO's Motion to Amend.

## I.    PROCEDURAL HISTORY AND BACKGROUND

On or about December 21, 2020, GEICO filed its original complaint in the United States District Court for the Eastern District of New York, asserting that Defendants Ata Chaudhry, Sadia

Chaudhry, Shahid Mian, M.D., Shahid Mian M.D. P.C., Shahid Mian, MD Professional

Corporation, Surgery Center of Oradell, LLC, and Parkway (collectively, "Defendants") submitted

Personal Injury Protection ("PIP") billing that fraudulently misrepresented compliance with

certain laws and regulations governing healthcare practice and that they were eligible for PIP

reimbursement when they were not. (*See* Dkt. No. 1). The Eastern District of New York set a

deadline of November 3, 2021 for the parties to seek to amend their pleadings or join new parties,

(Dkt. No. 32-1), which was later extended to February 3, 2022, (Nov. 3, 2021 Order).[1]

On October 1, 2021, Parkway filed a motion to dismiss for lack of jurisdiction and/or to

transfer venue to the District of New Jersey. (Dkt. No. 60). In connection with that motion,

Parkway attached a Declaration of Saad Waqas, Parkway's "Administrator." (Dkt. No. 60-2). In

that Declaration, Mr. Waqas states, in relevant part, that "Parkway is owned in equal 50/50 shares

by its members, Sadia Chaudry [*sic*], and Sako Tarachckyan [*sic*], both of whom reside in New

Jersey." (Dkt. No. 60-2 at ¶ 4). Mr. Waqas further declared:

> [t]he allegations of the Complaint in this matter against Parkway
> primarily revolve around the ownership and control of Parkway, . . .
> licensing, regulatory compliance and eligibility to collect insurance
> benefits. Necessary testimony by Parkway's owners, who both
> reside in New Jersey, in defense against these allegations will
> include descriptions of the ownership structure, truthfulness of
> disclosures made in licensing applications and compliance with
> regulatory schemes.

(Dkt. No. 60-2 at ¶ 16).

On or about November 11, 2021, Parkway served its Objections and Answers to GEICO's

First Set of Interrogatories. (*See generally* Dkt. No. 173-2). In its responses, Parkway identified

---

[1]  While the Court has extended, on the parties' requests, various deadlines in this case, the parties
never sought to further extend the February 3, 2022 deadline set by the Eastern District of New
York.

Sadia Chaudhry and Sako Tarakhchyan ("Tarakhchyan") as Parkway's owners but did not identify the dates of ownership or their respective ownership interests. (Dkt. No. 173-2 at pp. 7-8).[2]  On November 22, 2021, the Eastern District of New York transferred the matter to this District, (Nov. 22, 2021 Minute Entry and Order), which received the transfer on January 19, 2022, (*see* Dkt. No. 71).

On April 22, 2022, Parkway filed a motion to dismiss GEICO's Complaint, asserting in part that GEICO's claims are subject to arbitration. (*See* Dkt. No. 92-1).  On May 23, 2022, GEICO opposed Parkway's motion to dismiss and moved for leave to file an amended complaint to add as a defendant Global Surgery Center, L.L.C. (*See* Dkt. Nos. 96, 97).  The Court granted GEICO's first motion for leave to amend and administratively terminated the motion to dismiss, subject to refiling in light of the amended pleading. (*See* Dkt. No. 104).  On June 29, 2022, GEICO filed its First Amended Complaint ("FAC"). (Dkt. No. 105).  On July 26, 2022, Parkway renewed its motion to dismiss for lack of subject matter jurisdiction based on its contention that the claims in issue are subject to arbitration. (Dkt. No. 110).  Also, on July 26, 2022, Defendants Shahid Mian M.D. Professional Corporation, Shahid Mian M.D. P.C., and Shahid Mian, M.D. (collectively, the "Mian Defendants") filed a motion to dismiss the FAC, arguing that the disputes arising from the New Jersey PIP claims must be resolved by arbitration. (Dkt. No. 109).  GEICO opposed both motions to dismiss and, in the alternative, sought leave to amend its pleading to cure any defects found by the Court, without specifying any proposed amendments. (Dkt. Nos. 118, 119).  Parkway and the Mian Defendants filed their respective replies on those motions. (Dkt. Nos. 120, 121).

---

[2] All citations to page numbers herein refer to those automatically generated by the electronic filing system (PACER).

On or about November 4, 2022, Parkway produced some documents in response to GEICO's discovery requests. Included in that production was Parkway's May 2019 Operating Agreement (the "Operating Agreement"), identifying Tarakhchyan as a fifty percent (50%) owner of Parkway as of May 2019. (Dkt. No. 173-1 at ¶ 4). Notably, in connection with a motion for reconsideration filed on December 27, 2022, GEICO attached certain records received through a subpoena to Parkway's bank; some of the records for the first quarter of 2021 reflected multiple transactions involving Tarakhchyan. (*See, e.g.*, Dkt. No. 141-3 at pp. 15-16, 19, 21, 25-27, 30).

In early February 2023, one of GEICO's attorneys became aware of a lawsuit pending in New Jersey state court, *Allstate Indemn. Co. et al. v. Zuberi et al.*, No. MRS-L-2970-14 (the "Allstate Action"), which involved allegations by Allstate Indemnity Company ("Allstate") that Sadia and Ata Chaudhry, among others, engaged in fraudulent insurance practices.[3] (*See* Dkt. No. 174-6 at ¶¶ 5, 7). Tarakhchyan was not a party to the Allstate Action. However, Sadia and Ata Chaudhry, as well as Tarakhchyan, were each deposed in that action. (*See* Dkt. No. 174-6 at ¶ 7; *see also* Dkt. Nos. 154-5, -6, -7). Testimony in those depositions involved topics GEICO argues are relevant here, including Ata Chaudhry's role in building Parkway's facility, (*see, e.g.*, Dkt. No. 154-6 at 116:19-117:4, 126:10-128:1), Tarakhchyan's financial contributions toward Parkway, (*see, e.g.*, Dkt. No. 154-6 at 114:4-12; 116:19-117:4), and Sadia Chaudhry's level of knowledge of and involvement in Parkway's operations, (*see, e.g.*, Dkt. No. 154-7 at 152:4-22, 153:14-154:16, 157:6-158:8, 168:14-169:20). According to GEICO, these deposition transcripts clarified the extent of and time period of Tarakhchyan's ownership interest in Parkway, which GEICO argues give rise to proposed amended and new claims against Defendants and Tarakhchyan. (*See* Dkt.

---

[3]  On or about April 8, 2019, Allstate filed a Stipulation of Dismissal Without Prejudice with respect to Parkway Ambulatory Surgical Center, LLC. (*See* Dkt. No. 173-5). The Parkway defendant here is Parkway Ambulatory Surgery Center, LLC.

No. 154-1 at pp. 14-15; *see also* Dkt. No. 154-4; Dkt. No. 105 at pp. 62-67 (citing Dkt. No. 105-4 (listing 1088 bills submitted by Parkway from October 16, 2017 to December 6, 2018 as alleged "RICO event[s]"))).

Shortly after GEICO's discovery of the Allstate Action, it filed the instant Motion to Amend. (Dkt. No. 154). In its proposed Second Amended Complaint ("SAC"), GEICO, among other proposed changes, seeks to amend some of its allegations as to Parkway and to add as a defendant Tarakhchyan based on his ownership interest in Parkway during the relevant time, asserting against Tarakhchyan claims arising under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962, ("RICO") and New Jersey's Insurance Fraud Prevention Act, N.J.S.A. 17:33A-1 *et seq.*, ("NJIFPA"). (*See* Dkt. No. 154-4). Notably, GEICO also seeks to amend its allegations regarding the GEICO Decision Point Review Plan (the "DPRP") and Conditional Assignment of Benefits ("CAOB") forms, which were at issue in Parkway's motion to dismiss. (Dkt. No. 154-4 at ¶¶ 41-47, 69-71, 80, 294). In addition, GEICO proposes additional amendments regarding the other named defendants in this action. (*See* Dkt. No. 154-4). Following the filing of the Motion, the Court administratively terminated Parkway's second motion to dismiss pending a decision on the request for leave to amend. (Dkt. No. 172).

Parkway opposes the Motion to Amend. (Dkt. No. 173). Primarily, in opposing the Motion, Parkway argues that GEICO fails meet the good cause standard under Rule 16 of the Federal Rules of Civil Procedure to justify an out-of-time amendment, unduly delayed seeking to further amend its complaint, and is seeking to amend in bad faith to circumvent a ruling on the arbitration issue. In addition, Parkway contends that amendment would be unduly prejudicial, thereby requesting the Court to deny GEICO's Motion. (*See* Dkt. No. 173). GEICO filed a reply on the Motion, (Dkt. No. 174), and subsequently filed a letter purporting to advise the Court of

supplemental authority pursuant to Local Civil Rule 7.1(d)(6).  (Dkt. No. 185).  Parkway opposes

GEICO's supplemental submission.  (Dkt. No. 189).  On June 26, 2023, GEICO filed an additional

letter, seeking to supplement its Motion with an Affidavit of Emmanuel Rodriguez, M.D., who

had been presented as Parkway's "medical director" from 2018 to present.  (Dkt. No. 203).

Parkway also opposes GEICO's additional supplementation, contending that it did not engage in

sharp tactics through discovery in this matter.  (Dkt. No. 204).

Notably, on May 18, 2023, the Court entered a Stipulation and Order of Dismissal as to

Global Surgery Center, LLC, Surgery Center of Oradell, LLC, Ata Chaudhry, and Sadia Chaudhry.

(Dkt. No. 192).

## II.    LEGAL STANDARDS

Here, GEICO seeks leave to file a second amended complaint well after the deadline for

such applications.  If a party seeks to amend its pleading after the deadline set in the Court's

scheduling order, the movant must satisfy the good cause standard pursuant to Rule 16 of the

Federal Rules of Civil Procedure before the Court considers whether the movant meets the

standards for amendment pursuant to Rule 15 of the Federal Rules of Civil Procedure.  *See Race

Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010); *see also Premier

Comp Sols., LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020) ("[W]hen a party moves to amend

or add a party after the deadline in a district court's scheduling order has passed, the 'good cause'

standard of Rule 16(b)(4) . . . applies."); *Wang v. N.J. State Police*, Civ. No. 18-11933, 2021 WL

794535, at *3 (D.N.J. Mar. 1, 2021).

To establish good cause, the movant must show due diligence.  *Race Tires Am., Inc.*, 614

F.3d at 84.  Due diligence can be met if the "delay in filing the motion to amend stemmed from

any mistake, excusable neglect, or any other factor which might understandably account for failure

of counsel to undertake to comply with the Scheduling Order." *Young v. United States*, 152 F. Supp. 3d 337, 353 (D.N.J. 2015) (citation and internal quotation marks omitted).  If a party "possessed, or through the exercise of reasonable diligence should have possessed, the knowledge necessary" to seek leave to amend before the deadline lapsed, then courts will find that party lacked the necessary due diligence and will deny leave to amend. *Fermin v. Toyota Material Handling, U.S.A., Inc.*, Civ. No. 10-3755, 2012 WL 1393074, at *3 (D.N.J. Apr. 23, 2012).  Indeed, Rule 16's good cause standard seeks to fix the pleadings at some point in the proceedings. *See United States ex rel. McDermott v. Life Source Servs., LLC*, Civ. No. 19-cv-15360, 2023 WL 2238550, at *2 (D.N.J. Feb. 27, 2023) (citing, *inter alia*, Fed. R. Civ. P. 16(b), Advisory Committee's Note on 1983 amendment).

Only once good cause is met does the Court evaluate the proposed pleading under Rule 15 of the Federal Rules of Civil Procedure. *Harbor Laundry Sales, Inc. v. Mayflower Textile Serv. Co.*, Civ. No. 09-6259, 2011 WL 6303258, at *3 (D.N.J. Dec. 16, 2011) (internal citation omitted); *accord Wang*, 2021 WL 794535, at *2.  Under Federal Rule of Civil Procedure 15(a)(2), a court should freely grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2); *see Foman v. Davis*, 371 U.S. 178, 182 (1962); *in re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).  The Rule aims to "ensure[] that an inadvertent error in, or omission from, an original pleading will not preclude a party from securing relief on the merits of his claim." *Korb v. Haystings*, 860 F. App'x 222, 226 n.5 (3d Cir. 2021) (citations omitted).

Nevertheless, the Court may, in its discretion, deny a motion for leave to amend in one of three instances: (1) the movant engaged in undue delay, bad faith, or dilatory motives; (2) the amendment would cause undue prejudice to the non-movant; or (3) amendment would be futile. *See, e.g., Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004); *BTG Int'l Ltd. v. Actavis Labs. FL,*

*Inc.*, Civ. No. 15-5909, 2017 WL 529446, at *2 (D.N.J. Feb. 8, 2017). Notably, "[n]either Rule 15 nor Rule 16 stands for the proposition that a party can amend the complaint each and every time she becomes aware of new factual allegations that already support the allegations as set forth in the complaint." *McDermott*, 2023 WL 2238550, at *4.

As to undue delay, "[d]elay alone is not sufficient to justify denial of leave to amend[,]" but "at some point, delay will become undue, placing an unwarranted burden on the court and an unfair burden on the opposing party." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006) (internal citation, editing, and quotation marks omitted). "Delay may become undue when a movant has had previous opportunities to amend a complaint." *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001) (citation omitted). Accordingly, a court will focus on why a movant did not seek to amend sooner and consider "whether new information came to light or was available earlier to the moving party." *Ford Motor Co. v. Edgewood Prop., Inc.*, Civ. No. 06-1278, 2011 WL 1321605, at *2 (D.N.J. Apr. 4, 2011) (quoting *in re Adams Golf, Inc. Secs. Litig.*, 381 F.3d 267, 280 (3d Cir. 2004)) (internal quotation marks omitted); *XL Specialty Ins. Co. v. PCS Wireless Warehouse, Inc.*, Civ. No. 18-17210, 2020 WL 967855, at *3 (D.N.J. Feb. 28, 2020).

In addition, "substantial or undue prejudice to the non-moving party is a sufficient ground for denial of leave to amend." *Cureton*, 252 F.3d at 273 (citation omitted). A court will consider the hardship to the non-movant if the amendment were permitted, including "additional discovery, cost, and preparation to defend against new facts or new theories." *Id.*

In considering whether a party seeks to amend in bad faith, the Court does not consider whether the original complaint was filed in bad faith or whether conduct outside the motion to amend amounts to bad faith. *See Livingstone v. Haddon Point Manager LLC*, Civ. No. 19-13412,

2020 WL 7137852, at *3 (D.N.J. Dec. 7, 2020) (citation omitted); *see also Diallo v. Alo Enterprises Corp.*, Civ. No. 12-3762, 2013 WL 3772827, at *3 (D.N.J. July 17, 2023) ("Simply failing to add a claim a party had prior knowledge of does not alone amount to bad faith."). Rather, the question of bad faith focuses on a party's motives for not amending its pleadings sooner. *See Zelma v. Choice Energy, LLC*, Civ. No. 19-17535, 2020 WL 5201341, at *2 (D.N.J. Sept. 1, 2020).

Ultimately, the decision of whether to grant leave to amend lies within the sound discretion of the Court. *Arab Afr. Int'l Bank v. Epstein*, 10 F.3d 168, 174 (3d Cir. 1993).

## III.   DISCUSSION

As it must, the Court first considers whether GEICO meets Rule 16's good cause standard before considering the Motion to Amend under Rule 15.

### A.   FEDERAL RULE OF CIVIL PROCEDURE 16

GEICO contends that, despite its diligent efforts, it did not have the information necessary to seek to amend sooner based on the additional facts and claims contained in its proposed SAC. (*See* Dkt. No. 154 at pp. 14-15; Dkt. No. 174 at pp. 6-12). More specifically, GEICO contends that until it reviewed the deposition transcripts from the Allstate Action, it was not aware of the extent of Tarakhchyan's interest in and involvement with Parkway or that his ownership interest predated 2019. (*See* Dkt. No. 174 at pp. 4-5). GEICO posits that it had conducted some searches regarding the Defendants at the outset of the case, but those searches did not reveal until recently the Allstate Action, through which GEICO learned additional facts relevant to its claims here. (Dkt. No. 154-1 at pp. 14-15; *see also* Dkt. No. 174-6 (detailing GEICO's efforts to discover any past or pending litigation involving the Chaudhrys and Parkway)).

In response, Parkway asserts that GEICO reasonably should have possessed the information necessary to amend its complaint prior to the deadline, as GEICO was on notice from

9

Parkway's November 4, 2021 interrogatory responses and from the operating agreement produced to GEICO on November 4, 2022 that Tarakhchyan held an ownership stake in Parkway as early as May 2019. (Dkt. No. 173 at pp. 14-15). Moreover, Parkway contends that documents pertaining to the Allstate Action have been available to the public on New Jersey's eCourts website since May 2017. (Dkt. No. 173 at p. 15). Accordingly, Parkway argues that, had GEICO been diligent, it could have learned of the Allstate Action sooner.

Courts in this district have found good cause to reopen amendment deadlines under Rule 16 where a plaintiff possessed information that would have made timely amendment possible but impracticable. *See FerraTex, Inc. v. United States Sewer & Drain, Inc.*, Civ. No. 14-7527, 2017 WL 9690976, at *5 (D.N.J. April 13, 2017) (finding good cause under Rule 16(b) where the plaintiff first became aware of an internet post giving rise to a previously unknown libel claim after the deadline for amendment had passed because the defendants failed to point to any reason that the plaintiff should have known to look for the post before it was brought to the plaintiff's attention by a non-party); *Sabatino v. Union Twp.*, Civ. No. 11-1656, 2013 WL 1622306, at *5 (D.N.J. April 15, 2013) (finding good cause under Rule 16 where, although the plaintiff had some information relating to the proposed new parties, the plaintiff did not have sufficient information before the deadline to show who were the proper parties).

Here, while GEICO was aware that Tarakhchyan had an interest in Parkway at least as of 2019, there is nothing in the record to indicate that it was aware of his ownership interest or involvement with Parkway before that time period. Indeed, the crux of GEICO's claims against Parkway arise out of PIP claims submitted before 2019. (*See* Dkt. No. 154-4 at ¶ 235). Based on the record before the Court on this Motion, it appears that party and non-party discovery to date did not reveal that Tarakhchyan had a financial or ownership interest in the relevant time period,

10

nor was such fact generally publicly available with the exception of the transcripts filed in the Allstate Action.

With respect to the Allstate Action, the Court accepts as true the declaration submitted by GEICO in reply that it only recently discovered this pending matter and relevancy to the instant matter. (*See* Dkt. No. 174-6). While the Allstate Action has been publicly available through the New Jersey State Court's "eCourts" system, it is not unreasonable for GEICO to have been unaware of the Allstate Action or even that the testimony in that action would be relevant here until recently. While the instant Motion is brought well beyond the deadline for leave to amend and GEICO never sought to extend that deadline in this District Court, to find that GEICO was not reasonably diligent in investigating sooner the existence of the Allstate Action by failing to somehow surmise of its existence and relevancy would require the Court to hold GEICO to a higher standard than what is contemplated by Rule 16's good cause standard. *See Sabatino*, 2013 WL 1622306, at *5 ("Rule 16(b)(4) does not require a party to exercise an advanced or superior level of diligence, but rather requires only reasonable diligence.").

Furthermore, the parties dispute whether good cause has been shown in light of the status of discovery and GEICO's accusations that Parkway did not adequately comply with its discovery obligations. In finding sufficient good cause under Rule 16 here, on this record, the Court need not make any findings as to Parkway's compliance with its discovery obligations and, therefore, declines to do so at this time. Accordingly, GEICO has sufficiently shown good cause to reopen the deadline for motions to amend and join new parties. The Court, therefore, turns to the standard of review under Federal Rule of Civil Procedure 15.

## B.   FEDERAL RULE OF CIVIL PROCEDURE 15

Parkway opposes the instant Motion under Rule 15 on the bases that the proposed amendments are unduly delayed and prejudicial and brought in bad faith.  The Court addresses these issues in turn.

First, the Court finds that GEICO did not unduly delay seeking to further amend its Complaint as to the allegations regarding Tarakhchyan and his alleged interest in and involvement with Parkway.  Although GEICO did have a prior opportunity to amend its pleading, GEICO brought this Motion for leave to amend as soon as it discovered sufficient information at least as to its amended claims against Tarakhchyan during the relevant time period predating 2019 and other information learned through the Allstate Action.

However, as Parkway raises in its opposition to the Motion, GEICO does not explain why it did not previously seek to amend its allegations regarding the DPRP and CAOB forms.  (*See* Dkt. No. 154-4 at ¶¶ 41-47, 69-71, 80, 294).  The proposed changes GEICO seeks to make to these allegations involve information known to be in dispute by GEICO since at least April 22, 2022, when Parkway filed its motion to dismiss based on an arbitration clause in the DPRP.  (*See* Dkt. No. 92-1 at pp. 12, 14).  Indeed, in opposing that motion to dismiss on May 23, 2022, GEICO argued that Parkway did not show that "it obtained valid assignments of PIP benefits, using the required CAOB forms, from the relevant insureds."  (Dkt. No. 97 at p. 24).  At that time, GEICO also sought, and was granted, leave to amend some of its allegations regarding the CAOB, when it cross-moved to amend in response to Parkway's April 2022 motion to dismiss.  (*See* Dkt. No. 96-1 at p. 9; Dkt. No. 96-3 at ¶ 225; Dkt. No. 105 at ¶ 225 (alleging "Defendants did not ever obtain valid assignments of insurance benefits from GEICO's New Jersey Insureds")).  GEICO does not offer in the instant Motion a sufficient reason for its delay in seeking to amend these

allegations for a second time about ten months later. *Cureton*, 252 F.3d at 273 ("Delay may become undue when a movant has had previous opportunities to amend a complaint."). The information forming the bases for these proposed amendments have been available to GEICO long prior to the instant Motion. *See Ford Motor Co.*, 2011 WL 1321605, at *2. Accordingly, the Court finds that GEICO unduly delayed seeking leave to further amend its contentions regarding the DPRP and CAOB forms. (*See* Dkt. No. 154-4 at ¶¶ 41-47, 69-71, 80, 294).

Second, Parkway asserts that the proposed amendments unduly prejudice it and Tarakhchyan because the proposed SAC "dramatically expand[s] both the scope of the case against Parkway and would start from scratch against Tarakhchyan." (Dkt. No 173 at p. 20). Parkway adds that the case would be "fundamentally transform[ed,]" requiring "substantial new paper discovery" and increasing litigation costs. (Dkt. No 173 at p. 20). GEICO responds that, while the case has been pending for some time, discovery has been delayed and certain party depositions have not yet occurred.[4] (*See* Dkt. No. 174 at p. 13).

Although the proposed amendments may broaden the scope of discovery, additional discovery alone does not amount to "unfair prejudice." *Smith v. Honeywell Intern., Inc.*, Civ. No. 10-03345, 2014 WL 301031, at *9 (D.N.J. Jan. 27, 2014); *Formosa Plastics Corp., U.S.A. v. ACE Am. Ins. Co.*, 259 F.R.D. 95, 100 (D.N.J. Aug. 14, 2009) (finding no undue prejudice when discovery is at an early stage). The additional allegations, claims, and new party in the SAC may impact discovery in this matter. However, given Parkway's prior disclosures of its relationship to Tarakhchyan, Tarakhchyan and his relationship and involvement with Parkway likely would have been subject to discovery even without the proposed amendments. (*See, e.g.*, Dkt. No. 60-2 at ¶ 16

---

[4] Since the filing of GEICO's reply on the instant Motion, the parties proceeded with certain party depositions, including that of Ata Chaudhry and Sadia Chaudhry. (*See* Dkt. No. 195-3 and -5).

(in moving to seek to transfer the matter to the District of New Jersey, Parkway asserting that discovery from Tarakhchyan would be relevant to this action)).   As such, the proposed amendments do not necessarily broaden discovery so significantly as to be unduly prejudicial.

Third, the Court declines to find that GEICO's Motion is brought in bad faith. "Defendants bear the burden of showing [GEICO] ha[s] acted in bad faith." *Gov't Emps. Ins. Co. v. Elkholy*, Civ. No. 21-16255, ECF No. 71, Order, at p. 6 (D.N.J. Apr. 25, 2023) (Arpert, J.) (citing *Dopico v. IMS Trading Corp.*, Civ. No. 14-1874, 2016 WL 389984, at *1 (D.N.J. Feb. 1, 2016)).   In its opposition to the Motion, Parkway argues that GEICO seeks to further amend to delay and/or "avoid an adjudication of Parkway's outstanding motion to compel arbitration." (Dkt. No. 173 at p. 22).   However, GEICO primarily seeks leave to amend based on recently discovered information.   As such, Parkway has not met its burden to show that GEICO had improper motivations for not seeking to amend sooner. *See Elkholy*, Civ. No. 21-16255, ECF No. 71, Order, at pp. 6-7; *Zelma*, 2020 WL 5201341, at *2.

Accordingly, for the reasons set forth herein, the Court DENIES in part GEICO's Motion to the extent GEICO seeks to amend its allegations regarding the DPRP and CAOB forms as set forth in the proposed SAC's paragraphs 41-47, 69-71, 80, and 294. The Court GRANTS GEICO's Motion as to its other proposed amendments.

IV.    **CONCLUSION**

Having considered the submissions of the parties, and for the reasons set forth above,

**IT IS, THEREFORE**, on this **29th** day of **June 2023,**

**ORDERED** that Plaintiff's Motion for Leave to Amend (Dkt. No. 154) is **GRANTED IN PART** and **DENIED IN PART**; and it is further

**ORDERED** that GEICO shall file its Second Amended Complaint consistent with this Memorandum Opinion and Order by no later than **July 10, 2023** and shall serve the Second Amended Complaint on the newly added defendant in accordance with the Federal Rules of Civil Procedure; and it is further

**ORDERED** that Defendants shall file their respective response(s) to the Second Amended Complaint within fourteen (14) days of the filing of the Second Amended Complaint, with the exception that the newly added defendant shall file his response in accordance with the Federal Rules of Civil Procedure upon service; and it is further

**ORDERED** that the Clerk of the Court shall **TERMINATE** the Motion pending at Docket Entry Numbered 154.

**SO ORDERED**.

RUKHSANAH L. SINGH
UNITED STATES MAGISTRATE JUDGE