**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| GOVERNMENT EMPLOYEES INSURANCE COMPANY, GEICO INDEMNITY COMPANY, GEICO GENERAL INSURANCE COMPANY, and GEICO CASUALTY COMPANY, <br><br> Plaintiffs, <br><br> v. <br><br> SHAHID MIAN, M.D., SHAHID MIAN, M.D., P.C., SHAHID MIAN, MD PROFESSIONAL CORPORATION, SURGERY CENTER OF ORADELL, LLC, GLOBAL SURGERY CENTER, LLC, PARKWAY AMBULATORY SURGERY CENTER, LLC, SADIA CHAUDHRY, ATA CHAUDHRY a/k/a DANNY CHAUDHRY, and SAKO TARAKHCHYAN, <br><br> Defendants. | Civil Action No. 22-233 (GC) (RLS) <br><br> **MEMORANDUM ORDER** |

**CASTNER, District Judge**

    **THIS MATTER** comes before the Court upon Defendants Parkway Ambulatory Surgical Center, LLC and Sako Tarakhchyan's (the Parkway Defendants) Motion to Compel Arbitration or, alternatively, Dismiss (ECF No. 217) certain claims in Plaintiffs' (GEICO's) Second Amended Complaint (SAC) (ECF No. 210) pursuant to Federal Rule of Civil Procedure (Rule) 12(b)(6). GEICO opposed, and the Parkway Defendants replied. (ECF Nos. 220 & 221.) The parties subsequently filed supplemental letter briefs in light of the United States Court of Appeals for the Third Circuit's precedential decision in *Government Employees Insurance Co. v. Mount Prospect Chiropractic Center, P.A.*, Civ. Nos. 23-1378, 23-2019, & 23-2053, 2024 WL 1611904 (3d Cir.

Apr. 15, 2024).  (ECF Nos. 232-236.)  The Court has carefully considered the parties' submissions

and decides the Motion without oral argument pursuant to Rule 78(b) and Local Civil Rule 78.1(b).

For the reasons set forth below, and other good cause shown, the Parkway Defendants' Motion is

**GRANTED** in part and **DENIED** in part.

## I.   <u>BACKGROUND</u>

### A.   **Factual Background**[1]

Defendants are various New York and New Jersey medical facilities and their owners or

physician-employees.  (*See* ECF No. 210 ¶¶ 5(i)-(vi).)  GEICO, an automotive insurer, alleges that

Defendants submitted or caused to be submitted thousands of fraudulent "no-fault," "personal

injury protection" (PIP) insurance claims for reimbursement of medical expenses.  (*Id.* ¶¶ 1(i)-(ii),

5.)  According to GEICO, the PIP claims submitted by Defendants were for procedures and

examinations that were either medically unnecessary, or otherwise not reimbursable due to

Defendants' noncompliance with the healthcare practice and licensing requirements governing

such medical facilities.  (*See id.* ¶¶ 6(i)-(iv).)

GEICO alleges distinct but interrelated conspiracies between different sets of defendants.

(*See id.* ¶¶ 10-11.)  First, GEICO accuses Defendant Shahid Mian, M.D., of submitting inflated

and fraudulent PIP claims to GEICO through Mian's New Jersey and New York medical

professional corporations — Mian NJ PC and Mian NY PC (the Mian Defendants).  (*Id.* ¶¶ 71-

190.)  Second, GEICO alleges that Former Defendants Ata and Sadia Chaudhry conspired with

the Mian Defendants to submit fraudulent PIP claims to GEICO through two ambulatory care

facilities — Surgery Center of Oradell, ASC (Oradell ASC) and Global Surgery Center, LLC

---

[1]      On a motion to dismiss under Rule 12(b)(6), the Court accepts as true all well-pleaded facts.
*See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

(Global Surgery).[2]  (*Id.* ¶¶ 191-216, 268-269.)  Third, GEICO accuses the Chaudhrys of conspiring with Defendant Tarakhchyan to submit fraudulent PIP claims through Parkway ASC, another ambulatory care facility.  (*Id.* ¶¶ 217-237.)

## B.    Procedural History

GEICO filed its Second Amended Complaint on July 10, 2023.  GEICO's SAC asserts thirty-eight causes of action.  Count 1 seeks a declaratory judgment ruling that Mian NJ PC, Mian NY PC, and Parkway ASC did not comply with certain New Jersey and New York laws governing their facilities and were therefore ineligible to receive PIP payments from GEICO under both New Jersey and New York no-fault insurance laws.  (*Id.* ¶¶ 294-300.)

The remaining causes of action are against specific defendants or groups of defendants separated by the state of the applicable PIP policy — New Jersey or New York.  For example, GEICO brings two sets of claims against the Parkway Defendants.  First, GEICO asserts claims for Racketeer Influenced and Corrupt Organizations Act (RICO) violations, fraud, unjust enrichment, and New Jersey Insurance Fraud Prevent Act (IFPA) violations based solely on the Parkway Defendants' fraudulent New Jersey PIP insurance billing.  Second, GEICO asserts RICO violations, fraud, and unjust enrichment based solely on the Parkway Defendants' fraudulent New York PIP insurance billing.  Of the 1,665 allegedly fraudulent PIP claims submitted by the Parkway Defendants, 226 claims pertain to GEICO's New York PIP insurance policies, and 1,439 claims were submitted under GEICO's New Jersey PIP insurance policies.  (*See* ECF No. 217-1 at 12; ECF No. 210-7; ECF No. 210-8.)

On July 24, 2023, the Parkway Defendants filed their Third Motion to Compel Arbitration

---

[2]      Former Defendants A. Chaudhry, S. Chaudhry, Global Surgery, and Oradell ASC reached a settlement with GEICO and were dismissed without prejudice from this action before GEICO filed the SAC.  (ECF No. 210 ¶ 23; ECF No. 192.)

or, alternatively, Dismiss GEICO's claims against the Parkway Defendants.  (ECF No. 217-1.)  On September 18, 2024, the Court granted the Parkway Defendants' motion to stay discovery pending disposition of the Third Motion to Compel Arbitration.  (ECF No. 225 at 8.)  The Court found that the parties' relative hardships and prejudices, as well as the early stage of the case, warranted a stay of discovery; and that a stay would assist in simplifying the case because "it is possible that a large swath of discovery and perhaps a trial in this Court may be unnecessary" if "at least some of the issues could be resolved through arbitration."  (*Id.* at 8-9.)

On April 15, 2024, the Third Circuit Court of Appeals issued the precedential decision in *Government Employees Insurance Company v. Mount Prospect Chiropractic Center, P.A.*,[3] which "directly addresses several of the dispositive legal questions at issue in the motion pending before this Court."  (ECF No. 233 at 1.)  As the Third Circuit held, New Jersey IFPA claims are arbitrable, and both the contractual arbitration clause in GEICO's New Jersey Decision Point Review Plan (DPRP) and the arbitration provision in New Jersey's no-fault insurance statute (N.J. Stat. Ann. § 39:6A-5.1(a)) required GEICO to arbitrate their IFPA claims asserted in those district court cases. *Mount Prospect*, 2024 WL 1611904, at *3-*6.

Following *Mount Prospect*, GEICO advised the Court that GEICO "now consent[s] to the Parkway Defendants' Third Motion to Compel Arbitration or Dismiss to the extent that the motion seeks to compel arbitration" of GEICO's claims against the Parkway Defendants that are predicated on Parkway ASC's New Jersey-based PIP billing.  (ECF No. 232 at 1 (footnote omitted).)  But GEICO "do[es] not consent to the Parkway Defendants' motion to the extent that it seeks to compel arbitration or otherwise dismiss" GEICO's claims that are predicated on Parkway ASC's New York-based PIP billing.  (*Id.* at 1-2.)  In response, the Parkway Defendants

---

[3]       Civ. Nos. 23-1378, 23-2019, & 23-2053, 2024 WL 1611904 (3d Cir. Apr. 15, 2024).

argue that in light of GEICO's consent to arbitration of the New Jersey claims, the Court must "enter an order . . . staying the entire case pending arbitration" pursuant to Section 3 of the Federal Arbitration Act (FAA), 9 U.S.C. § 3.[4]  GEICO opposes a stay of any claims because (1) "Plaintiffs have not yet decided whether they will proceed with any such arbitration on the New Jersey claims" and "may choose not to proceed with any such arbitration"; and (2) "even if Plaintiffs were to proceed with arbitration" of the New Jersey claims, the Court should permit discovery to proceed on GEICO's remaining claims.  (ECF No. 234 at 3-4.)

## II.   DISCUSSION

### A.   Plaintiff's New Jersey PIP Claims against the Parkway Defendants are Referred to Arbitration

As noted above, GEICO now consents to the Parkway Defendants' Motion to compel arbitration of GEICO's claims against the Parkway Defendants based on New Jersey PIP insurance billing.  (ECF No. 232 at 1.)  Accordingly, the Parkway Defendants' Motion is **GRANTED** in part.  Counts 23, 28, 29, 30, and 31, and Count 1 to the extent that it seeks a declaration that Parkway ASC was not in compliance with all significant laws and regulations governing healthcare practice in New Jersey, are **DISMISSED WITHOUT PREJUDICE** in favor of arbitration.

### B.   GEICO's Remaining Claims are Stayed Pending Arbitration

The Parkway Defendants argue that Section 3 of the FAA requires that the Court stay all of GEICO's remaining claims against the Parkway Defendants pending the completion of arbitration.  (ECF No. 233 at 2.)  "Even setting aside the statutory language," the Parkway Defendants argue, "this is a textbook case where the arbitrable issues dominate and where

---

[4]     Although the Parkway Defendants ask the Court to stay the "entire case," they later clarify that they take "no position regarding whether and how this case should proceed against the Mian Defendants, as GEICO's case against them is entirely unrelated to [the Parkway] Defendants." (ECF No. 233 at 4 n.3 (citing *Mendez v. Puerto Rican Int'l Cos., Inc.*, 553 F.3d 709 (3d Cir. 2009).)

arbitration of the issues will have some effect . . . on the non-arbitrable claims," given that GEICO's claims against the Parkway Defendants rely mostly on fraudulent PIP billing under New Jersey insurance policies, as opposed to New York policies.  (*Id.* at 3 (noting that the New Jersey-based causes of action are premised on 1,439 underlying PIP claims, as opposed to only 226 underlying PIP claims based on New York PIP policies).)  The Parkway Defendants take no position on how the case should proceed against the Mian Defendants.  (*Id.* at 4 n.3.)

GEICO points out that under *Mendez v. Puerto Rican International Companies, Inc.*, the Third Circuit affirmed a district court's decision staying a case pending arbitration as to plaintiffs who had entered into arbitration agreements but declining to stay the case as to plaintiffs who had not entered into arbitration agreements.  553 F.3d 709, 712 (3d Cir. 2009).  (ECF No. 234 at 3.)  In so ruling, the Third Circuit held that Section 3 of the FAA was "not intended to mandate curtailment of the litigation rights of anyone who has not agreed to arbitrate any of the issues before the court," and affirmed the district court's holding that Section 3 did not mandate a stay against parties who had not entered into arbitration agreements.  553 F.3d at 711.  GEICO argues that because Section 3 does not mandate a stay of the non-arbitrable claims, "the decision whether to stay non-arbitrable issues is discretionary," and the "usual rule . . . is that the court will stay only the arbitrable claims and will permit the others to proceed."  (ECF No. 234 at 4 (citing *LoanDepot.com v. CrossCountry Mort., Inc.*, Civ. No. 18-12091, 2019 WL 2613265, at *8 (D.N.J. Jun. 24, 2019).)  GEICO argues that this Court "should exercise its discretion to permit discovery to proceed" on GEICO's remaining claims that have not been referred to arbitration.  (*Id.*)

Section 3 of the FAA provides that "issues within the scope of an arbitration agreement shall be referred to arbitration, and that trial must be stayed pending arbitration of those issues." *LoanDepot.com*, 2019 WL 2613265, at *8 (citing 9 U.S.C. § 3).

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration . . . , the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceedings is referable to arbitration under such agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the application for the stay is not in default in proceeding with such arbitration.

[9 U.S.C. § 3.]

As GEICO correctly notes, *Mendez* held that "in order for a party to be the subject of a mandatory stay pending arbitration under Section 3 of the FAA, that party must have committed itself to arbitrate one or more issues in suit." 553 F.3d at 715. Section 3 does not "mandate curtailment of the litigation rights of anyone who has not agreed to arbitrate any of the issues before the court." *Id.* at 711. But *Mendez* recognized that even where Section 3 does not mandate a stay of proceedings, a district court has its own "inherent discretion," separate from the FAA, to stay litigation among non-arbitrating parties pending the outcome of the arbitration. *Id.* at 712 (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)).

"In some cases, of course, it may be advisable to stay litigation among the non-arbitrating parties pending the outcome of arbitration. That decision is one left to the district court . . . as a matter of discretion to control its docket." *Id.* (*Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)); *see also Neal v. Asta Funding, Inc.*, Civ. No. 13-3438, 2014 WL 131770, at *4 (D.N.J. Jan. 6, 2014) ("[A] district court also possesses the inherent discretion to control its docket. As a component of that discretion, the court has the inherent power to stay its own proceedings.") "[A] stay of court proceedings pending arbitration is a remedy that . . . 'does not require statutory authority.'" *Id.* (quoting *Merritt-Chapman & Scott Corp. v. Pa. Turnpike Comm'n*, 387 F.2d 768, 773 (3d Cir. 1967)). "When the parties and issues significantly overlap between a court proceeding and an arbitration, a court may stay the entire court action. That is true even where the overlap is

not complete, for example, even if some of the parties or issues are not subject to arbitration." *Id.* at \*3 (citing *Crawford v. W. Jersey Health Sys. (Vorhees Div.)*, 847 F. Supp. 1232, 1240 (D.N.J. 1994)). "[E]ven where Section 3 of the FAA does not apply, a trial court may properly stay a proceeding pending arbitration where 'it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.'" *Id.* at \*5 (quoting *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979)).

Here, the Court finds that a stay of GEICO's remaining claims against both the Parkway and Mian Defendants, though not mandated under Section 3 of the FAA, is nevertheless appropriate given the overlapping factual and legal issues governing the claims, the balance of the parties' relative hardships and prejudice, and the current stage of the case.

First, the underlying New Jersey PIP claims related to the Parkway Defendants outnumber the underlying New York PIP claims by a factor of six to one. (*See* ECF No. 210-8; ECF No. 210-7.) Where, as here, "the arbitrable claims predominate" the non-arbitrable claims, courts tend to grant a stay of the non-arbitrable claims. *See DiValerio v. Best Care Lab., LLC*, 2022 WL 20679837, at \*1 (D.N.J. Mar. 28, 2022). It is also likely that the arbitration of the New Jersey-based claims will substantially affect the New York-based claims. For example, a finding at arbitration that the A. Chaudhry, S. Chaudhry, and Tarakhchyan used Parkway ASC to submit fraudulent billing under GEICO's New Jersey PIP insurance policies would be highly relevant to GEICO's claim that these Defendants also used Parkway ASC to submit fraudulent billing under GEICO's New York PIP insurance policies. It would therefore be "inadvisable to have these intertwined claims proceed simultaneously in court and in arbitration." *See Neal*, 2014 WL 131770, at \*5. The significant factual overlap between GEICO's New Jersey-based and New

York-based claims against the Parkway Defendants justifies this Court's exercise of its discretion to stay all remaining claims against the Parkway Defendants pending arbitration of the New Jersey-based claims.

Second, the arbitrable IFPA, RICO, fraud, unjust enrichment, and declaratory judgment claims against the Parkway Defendants share many of the same factual and legal issues with GEICO's claims against the Mian Defendants, justifying a stay of the remainder of the action. *See Crawford*, 847 F. Supp. at 1243 (finding that after referring some claims to arbitration, staying the remaining non-arbitrable claims against parties not subject to arbitration was appropriate because of the overlapping factual and legal issues).

Here, underpinning many of GEICO's claims against the Parkway and Mian Defendants is a common nucleus: Former Defendants A. and S. Chaudhry. Mian and the Chaudhrys allegedly used Oradell ASC and Global Surgery as "vehicle[s] to submit fraudulent and unlawful no-fault insurance billing to GEICO . . . in New York and New Jersey." (ECF No. 210 ¶¶ 24-25.) Separately, Tarakhchyan and the Chaudhrys allegedly used Parkway ASC "as a vehicle to submit additional fraudulent and unlawful PIP insurance billing to GEICO" in New York and New Jersey. (*Id.* ¶¶ 17, 217.) GEICO accuses both the Mian and Parkway Defendants of co-owning and operating several of their respective facilities together with A. Chaudhry, despite A. Chaudhry's being ineligible to lawfully own, manage, or operate such facilities due to his 2016 criminal convictions. (ECF No. 210 ¶¶ 195-196, 219-220, 242-243.) The resolution of some claims against the Parkway Defendants at arbitration will therefore likely involve overlapping legal and factual issues that bear upon GEICO's claims against the Mian Defendants. For example, a finding at arbitration that A. Chaudhry's ownership and management of Parkway ASC was unlawful, rendering Parkway ASC ineligible to bill GEICO for PIP benefits, would impact GEICO's claim

that Mian submitted PIP charges through A. Chaudhry's Oradell ASC facility "seeking payments . . . that Oradell ASC was not entitled to receive." (*See id.* ¶ 393.)

To be sure, the factual overlap between these claims is not "complete." The Mian and Parkway Defendants are not alleged to have conspired directly with each other. Mian is also accused of referring insureds from the Mian Defendants' facilities to Oradell ASC and Global Surgery "in exchange for unlawful compensation" from the Chaudhrys; and of unlawfully operating his medical professional corporations across state lines. (*Id.* ¶¶ 182-190, 268-269.) And a portion of GEICO's claims against Mian are based on fraudulent PIP insurance billing that Mian submitted through Mian NY PC and Mian NJ PC, without any involvement of the Chaudhrys or other ambulatory care facilities.

But arbitration of GEICO's claims against the Parkway Defendants "will, at the very least, advance key issues affecting this matter, if not resolve them completely." *DiValerio*, 2022 WL 20679837, at *2; *see also Neal*, 2014 WL 131770, at *5 (noting that a court may properly stay a proceeding pending arbitration where "it is efficient for its own docket and the fairest course for the parties," and that such a stay "does not require that the issues in such proceedings are necessarily controlling of the action before the court" (quoting *Leyva*, 593 F2d at 863-64). A finding at arbitration that the Chaudhrys conspired with the Parkway Defendants to submit fraudulent PIP billing will, for example, be highly relevant as to whether the Chaudhrys and their facilities entered into nearly identical conspiracies with the Mian. Continuing with discovery and litigation of the remaining claims could impose an undue hardship on the Parkway Defendants by creating duplicative proceedings. Nor is the Court convinced that imposing a stay on GEICO's remaining claims would be unduly prejudicial to GEICO, given that arbitration is likely to assist in narrowing the factual and legal issues in its remaining claims, and GEICO will still be able to

pursue any claims that remain unaffected by arbitration. To avoid the risk of duplicative proceedings and as a matter of judicial economy, GEICO's remaining claims will be stayed pending arbitration of its New Jersey-based claims against the Parkway Defendants.

**III.   <u>CONCLUSION</u>**

For the reasons set forth herein, and other good cause shown,

**IT IS**, on this <u>8th</u> day of May 2024 **ORDERED** as follows:

1.   The Parkway Defendants' Motion to Compel Arbitration (ECF No. 217) is **GRANTED** in part and **DENIED** in part. Counts 23, 28, 29, 30, and 31, and Count 1 to the extent that it seeks a declaration that Parkway ASC was not in compliance with all significant laws and regulations governing healthcare practice in New Jersey, are **DISMISSED WITHOUT PREJUDICE** in favor of arbitration.

2.   GEICO's remaining claims are hereby **STAYED** pending arbitration of Counts 23, 28, 29, 30, and 31, and the portions of Count 1 as specified herein.

3.   The remainder of the Parkway Defendants' Motion in the alternative to dismiss Plaintiff's claims is **DENIED** without prejudice to the Parkway Defendants' right to refile the Motion once the Court lifts the stay. The Clerk's Office is directed to **ADMINISTRATIVELY TERMINATE** the Parkway Defendants' Motion to Compel Arbitration and to Dismiss at ECF No. 217.

4.   The Clerk's Office is directed to **ADMINISTRATIVELY TERMINATE** this matter, and to **ADMINISTRATIVELY TERMINATE** the Motion for Interpleader Disbursement at ECF No. 212, subject to reopening after arbitration is complete.

5.   Counsel shall file, within fourteen days of any decision by the arbitrator, a joint

letter detailing the status of this matter and whether the stay should be lifted.

GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE

12